THE BELLEVILLE SAVINGS BANK v. ROBERT RICHARDI.

*Review upon findings—Foreign law.*

1. A man was sued in Michigan upon an Illinois note governed by Illinois law, the principal question being whether he was a guarantor or an indorser. The trial court found him an indorser, and no exception was taken to this conclusion as one of law, nor any to show that the evidence of the Illinois law did not sustain it as a conclusion of fact. And there was no special finding as to what the law was, except as to the liability of indorsers. *Held,* that the finding must be sustained.

2. The Supreme Court in reviewing cases at law will assume that all conclusions of fact were warranted.

3. Questions dependent upon foreign statutes cannot, in cases at law, be presented to the Supreme Court upon proof in that Court as to what the foreign law is, unless the record shows how it was proved below, so that it may be seen whether the lower court erred on the showing made.

Error to Antrim. (Ramsdell, J.) April 15.—April 22.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Perkins & Ellis* for appellant. In Illinois a blank indorsement of a note at its execution is prima facie evidence of liability as guarantor: 1 Pars. Cont. (7th ed.) 273;

*Camden v. McKoy* 3 Scam. 436 ; *Cushman v. Dement* id. 497; *Carroll v. Weld* 13 Ill. 682 ; Brandt on Surety 147 ; *Klein v. Currier* 14 Ill. 237 ; *Webster v. Cobb* 17 Ill. 466 ; *Heintz v. Cahn* 29 Ill. 312 ; *Dietrich v. Mitchell* 43 Ill. 40 ; *White v. Weaver* 41 Ill. 409 ; *Boynton v. Pierce* 79 Ill. 145 ; *Stowell v. Raymond* 83 Ill. 120 ; *Hamilton v. Johnston* 82 Ill. 40 ; *Parkhurst v. Vail* 73 Ill. 347 ; *Firman v. Blood* 2 Kan. 496 ; such an indorser may be sued as joint-maker : *Lincoln v. Hinzey* 51 Ill. 435.

*Leavitt & Albrecht* for appellees, as to failure to except, cited : Circ. Court Rules 85 and 86 ; Sup. Court Rule 12 ; *Hill v. Robinson* 23 Mich. 24 ; *Hogelskamp v. Weeks* 37 Mich. 422 ; *Green v. Bennett* 23 Mich. 464 ; *Larkin v. M. & R. Lumber Co.* 42 Mich. 296 ; *Webster v. Fisk* 9 Mich. 250 ; *Wheeler & Wilson Mnfg Co. v. Walker* 41 Mich. 239 ; *Johnson v. Ballou* 25 Mich. 460 ; *Polhemus v. Ann Arbor Sav. Bank* 27 Mich. 44 ; *Peabody v. McAvoy* 23 Mich. 526 ; the rights and liabilities of all parties to a note, whether makers, indorsers, guarantors, or otherwise, are governed by the law of the place where the contract was made : Const. U. S. Art. 6, Sec. 1 ; *Harrison v. Edwards* 12 Vt. 648 ; *Stacy v. Baker* 1 Scam. 417 ; *Russell v. Buck* 14 Vt. 147 ; *Snow v. Perkins* 2 Mich. 241 ; *Ballard v. Webster* 9 Abb. 404 ; *Lee v. Selleck* 32 Barb. 522 ; Edw. B. & N. 186, 267 ; 2 Kent's Com. 601 ; 2 Pars. Con. 571 ; a stranger to a negotiable note indorsing in blank is presumed to be an indorser and not a guarantor : *Hall v. Newcomb* 3 Hill 233 ; *Guldin v. Linderman's Exrs.* 34 Penn. St. 58 ; *Vore v. Hurst* 13 Ind. 551 ; *Dean v. Hall* 17 Wend. 214 ; *Seabury v. Hungerford* 2 Hill 80 ; *Hall v. Newcomb* 7 Hill 416 ; *Ellis v. Brown* 6 Barb. 282 ; *Tillman v. Wheeler* 17 Johns. 326 ; *Spies v. Gilmore* 1 Comst. 321 ; *Barto v. Schmeck* 28 Penn. St. 447 ; *Lecaan v. Kirkman* 6 C. B. (N. S.) 929 ; *Weaver v. Marvel* 12 La. Ann. 517 ; *Cottrell v. Conklin* 4 Duer 45 ; *Clouston v. Barbiere* 4 Sneed 336 ; Edw. B. & N. 273 ; Brandt on Suretyship §§ 150, 152, 210 ; unless the note was to be discounted and it was understood the indorsement was to be inoperative until the note was indorsed by the payee, and then the liability would be that of second indorser : *Rey v. Simpson* 22 How. 350 ; *Good v. Martin* 17 Am. L. Reg. (N. S.) 115 ; *Greenough v. Smead* 3 Ohio St. 415 ; Baylis on Sureties 30 ; where the note creates no valid obligation against the maker and can create none until it is indorsed and transferred by the payee, the presumption is that a person writing his name

in blank upon the back of the note assumes the obligation of an indorser: *Kayser v. Hall* 85 Ill. 511; *Blatchford v. Milliken* 35 Ill. 434; *Bogue v. Melick* 25 Ill. 91; *Bigelow v. Colton* 13 Gray 309; *Lake v. Stetson* 13 Gray 310; *National Pemberton Bank v. Lougee* 108 Mass. 371.

CAMPBELL, J. Defendant was sued on a promissory note made in Illinois by a company known as the "Pump & Skein Company," payable to its own order, and on which before negotiation John J. Thomas, Robert Richardi and Thomas Ibbotson indorsed their names without other writing. The maker, as payee indorsed the note to plaintiff. Defendant was sued as a sole obligor.

It is not claimed that the contract is governed by the laws of Michigan. On the trial the contest was whether defendant was liable as an indorser or guarantor. If the former the fact was admitted that he was discharged. If a guarantor, it is claimed he was liable; and the court below not deciding whether or not he would be liable if a guarantor, as a sole promissor, held he was an indorser.

Our own laws not being applicable, and it appearing that the case was tried upon a showing of the law of Illinois, the question arises whether anything in the record shows what that law was, and shows further that it was misapplied. There is no special finding what that law was, except as to the liability of indorsers. There is a finding that he was an indorser, and there is no exception to that finding as a question of law, and there is no exception showing that the evidence of the Illinois law did not support that conclusion if treated as one of fact. We must assume every conclusion of fact to have been warranted. And if so there is no error in this record, and for this case it must be held the Illinois law made defendant an indorser.

But we have examined the citations from the decisions of that state that were relied upon, as counsel on both sides agree in the court below, and we see no reason to doubt the correctness of the decision. We do not think it necessary to discuss them, as, under the issues in the record it is not called for; but we have looked into them in view of the sug-

gestion that the judge signing the bill of exceptions did not make it fuller because he supposed the matter might be argued here on the foreign law as open to proof before us. This is not in accordance with the practice in such cases, unless the record informs us in what manner it was proved below so that we can be put substantially in the position of the circuit judge, to ascertain whether he erred on such showing as was made to him.

The judgment must be affirmed.

The other Justices concurred.